IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03032-BNB

WILLIAM ELLER,

      Petitioner,

v.

PEOPLE OF THE STATE OF COLORADO,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Petitioner, William Eller, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  He attempted to initiate this action by filing *pro se* a document titled "Motion to Petition the Courts for Appointment of Pro Bono Counsel."

      On December 6, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Eller to cure certain deficiencies if he wished to pursue his claims.  Specifically, Magistrate Judge Boland ordered Mr. Eller to file on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that named the proper Respondent. Magistrate Judge Boland also ordered Mr. Eller either to pay the $5.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires such a motion.  The December 6 order directed Mr. Eller to obtain the Court-approved forms for filing a § 1915 motion and affidavit and a habeas

corpus application, along with the applicable instructions, at www.cod.uscourts.gov. Lastly, Mr. Eller was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.  On December 28, 2011, Magistrate Judge Boland granted Mr. Eller a thirty-day extension of time to cure the deficiencies listed in the December 6 order.

Mr. Eller has failed to cure the designated deficiencies within the time allowed or otherwise to communicate with the Court in any way.  Therefore, the application will be denied and the action dismissed without prejudice for failure to cure the deficiencies designated in the December 6 order to cure, and for Mr. Eller's failure to prosecute.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Eller files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for the failure of Petitioner, William Eller, to cure the deficiencies designated in the December 6, 2011, order to cure, and for his failure to prosecute.  It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  2nd  day of ___February___, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court